NATALI LAPPONO, Appellant, *v.* SALVATORE MARMONE, Respondent.

First Department, March 2, 1923.

Contracts — agreement by seller on sale of business and good will not to engage in similar business within five city blocks is not unreasonable or in restraint of local trade though unlimited as to time — action to restrain violation of agreement — injunction pendente lite granted.

An agreement in a contract of sale of the good will, fixtures and stock in trade of a business that the seller will not, directly or indirectly, engage in the same line of business within a radius of five city blocks of the business sold, is not unreasonable as to the seller, nor is it in restraint of local trade, though it is unlimited as to time.

Accordingly, in an action by the buyer to restrain the seller from conducting a similar business five doors away from the buyer's place of business, it was error for the court to refuse an injunction *pendente lite* upon the ground that the agreement did not provide for a fixed time of duration.

APPEAL by the plaintiff, Natali Lappono, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of November, 1922, denying his motion for a temporary injunction.

*Francis J. Greco* [*Herman Strizver* with him on the brief], for the appellant.

*Harry Wylan,* for the respondent.

FINCH, J.:

On August 19, 1919, the defendant sold to the plaintiff and another the good will, fixtures and stock in trade of his shoe repair and hat cleaning business and covenanted in writing that he would not directly or indirectly engage in the same line of business within a radius of five blocks. About August, 1922, the defendant opened a similar business five doors away from the plaintiff's place of business The plaintiff brought this action for an injunction,

and applied for an injunction *pendente lite*, which motion was denied upon the ground that the agreement did not provide for a fixed time within which the defendant should not engage in the same business.

In passing upon the enforcibility of contracts of this character, the determinative question is whether or not under all the circumstances shown the restrictive covenant is such as to afford a fair protection to the interests of the party in favor of whom it is given, without interfering with the interests of the public. (*Diamond Match Co.* v. *Roeber*, 106 N. Y. 473, 482.) In this connection it is to be noted that the restriction in the case at bar covered only a very small area. It was not unreasonable, therefore, to couple with this an unlimited restriction as to time. (*Mumford* v. *Gething*, 7 C. B. [N. S.] 305.) A restriction, though unlimited as to time, which leaves the defendant free to engage in the same line of business anywhere except within a radius of five city blocks of the location of the business, the good will of which he had sold to the plaintiff, is not unreasonable as to the defendant, nor is it in restraint of local trade, because any one other than the defendant is free to engage in that business in the locality. (*Diamond Match Co.* v. *Roeber, supra.*)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.